AMOUNT $ 150.00
SUMMONS ISSUED ✓ Case 1:04-cv-10380-GAO   Document 1   Filed 02/26/2004   Page 1 of 8
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK_Kim Abare_
DATE___2-26-04___
Rct # ___54123___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUSTPHOTO, INC. d/b/a RANDI MUSTER PHOTOGRAPHY and RANDI MUSTER, <br><br> Plaintiffs, <br><br> v. <br><br> PRIMEDIA ENTHUSIAST PUBLICATIONS, INC. d/b/a PRACTICAL HORSEMAN, MANDY LORRAINE, SUSAN SIMONE, SANDRA COOKE, and HEIDI SCHEING, <br><br> Defendants. | CIVIL ACTION NO. <br><br> 04-10380 GAO <br><br> MAGISTRATE JUDGE_____ |

## COMPLAINT AND JURY DEMAND

This is an action brought by Mustphoto, Inc. d/b/a Randi Muster Photography ("Mustphoto") and Randi Muster ("Muster") (collectively, "Plaintiffs") against Defendants Primedia Enthusiast Publications, Inc. d/b/a Practical Horseman Magazine, Mandy Lorraine, Sandra Cooke, Susan Simone, and Heidi Scheing (collectively, "Defendants") for copyright infringement resulting from their unlawful copying of a photograph of horseback rider Shachine Belle in violation of Mustphoto's exclusive rights (as holder of the copyright in the photograph) under the Copyright Act, 17 U.S.C. § 106. This action also includes a claim by Muster against Defendants for violating Muster's moral rights in the photograph under the Visual Artists Rights Act, 17 U.S.C. §106A.

1

## PARTIES

1. Plaintiff Mustphoto, Inc. d/b/a Randi Muster Photography ("Mustphoto") is a Florida corporation with a principal place of business at 1538 Westchester Avenue, Wellington, Florida.

2. Plaintiff Randi Muster ("Muster") is an individual with a usual place of business at 1538 Westchester Avenue, Wellington, Florida. Muster is the owner and president of Mustphoto.

3. Defendant Primedia Enthusiast Publications, Inc. ("Primedia Enthusiast") d/b/a Practical Horseman Magazine (the "magazine") is a Pennsylvania corporation with a principal place of business at 745 5th Avenue, New York, New York.

4. Defendant Mandy Lorraine is the editor-in-chief of Practical Horseman and exerts a dominant influence over the magazine. She had a direct role in the infringement and established, alone or with others, the policies that resulted in the infringement.

5. Defendant Sandra Cooke is the managing editor of Practical Horseman and exerts a dominant influence over the magazine. She had a direct role in the infringement and established, alone or with others, the policies that resulted in the infringement.

6. Defendant Susan Simone is the editorial/production coordinator of Practical Horseman. She had a direct role in the infringement and established, alone or with others, the policies that resulted in the infringement.

7. Defendant Heidi Scheing is the art director of Practical Horseman. She had a direct role in the infringement and established, alone or with others, the policies that resulted in the infringement.

## JURISDICTION AND VENUE

8. Defendants have offered the infringing issues of Practical Horseman for sale in Massachusetts and has sold the issues in Massachusetts and has otherwise conducted business in Massachusetts. Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400.

## FACTS COMMON TO ALL COUNTS

10. Muster is a professional photographer specializing in equestrian events. Muster's work is sought by media publications across the country. She is a recognized expert in her field.

11. Primedia Enthusiast is a national media company that promotes, creates, and sells special interest publications and events. Primedia Enthusiast publishes a number of equestrian related magazines such as EQUUS, Horse & Rider, Dressage Today, and the publication which is involved in this lawsuit, Practical Horseman.

12. In or around May 2003, Muster attended a horse show in Devon, Pennsylvania and took photographs of all aspects of the show.

13. Muster owned the photographs (referenced in Paragraph 12 above) and held the copyrights therein from the date of their creation until their assignment to Mustphoto.

14. In or around June 2003, Practical Horseman's editor-in-chief, Mandy Lorraine ("Lorraine") approached Muster and asked if she could view proofs of Shachine Belle, one of the competitors Muster photographed at Devon.

15. In response to Lorraine's request, Muster e-mailed proofs of seven (7) Devon-related photographs to Susan Simone, the editorial/production coordinator of Practical

Horseman, including an image of Shachine Belle, seated on her horse (the "Work"). *See* true and accurate copy of proofs sent to Susan Simone at Practical Horseman from Randi Muster via e-mail on June 2, 2003, attached hereto as Exhibit A.

16. Each e-mailed image had the word "PROOF" in capital letters prominently displayed across the front of the proof. The images were marked as such *specifically* to prevent unauthorized use and to protect Plaintiffs' copyright and related ownership rights in the Work and other photos.

17. Plaintiffs did not authorize or otherwise give Defendants any permission (whether actual or implied) to use any of the May or June 2003 proofs e-mailed to Susan Simone at Practical Horseman.

18. In or around December 2003, Plaintiffs discovered that Defendants had used the Work in the September 2003 issue of Practical Horseman. The Work accompanied an article about Shachine Belle by Mandy Lorraine and Sandra Cooke. *See* true and accurate copy of infringing use in September 2003 issue of Practical Horseman, attached hereto as Exhibit B.

19. On information and belief, the word "PROOF" that had been written across the June 2003 proofs that Muster had previously e-mailed to Simone had been airbrushed from the Work.

20. As a result of the airbrushing, the fine quality of the Work was distorted. Details present in the original Work, such as the buttons on the front of the rider's shirt and the shadow next to the rider's lapel, were obscured.

21. Upon discovering the infringement, Plaintiffs immediately contacted Practical Horseman and requested an explanation for Defendants' unauthorized use of the Work.

22. Defendants admitted that the magazine had used the Work without Plaintiffs' permission or authorization, but "justified" its infringement by stating that it had a publication "deadline" to meet.

23. On or around December 22, 2003, Muster assigned all of her rights, title, and interest in the Work to Mustphoto, including the right to sue and recover for any and all past infringements of the Work.

**COUNT ONE**
(Copyright Infringement v. Primedia Enthusiast, 17 U.S.C.§ 501, et. seq.)

24. Plaintiffs reallege and incorporate Paragraphs 1-23 above as if fully set forth herein.

25. Plaintiff(s) is a holder of a valid copyright in the Work. The Work is an original work of authorship and copyrightable subject matter under 17 U.S.C. § 101, et. seq.

26. The Work is currently the subject of a registration application pending before the United States Copyright Office, Library of Congress. *See* Application for Copyright Registration dated December 19, 2003 and Confirmation of Receipt of Application, dated December 22, 2003, attached hereto as Exhibit C.

27. Primedia Enthusiast copied, published, distributed, and sold the Work without prior authorization or permission from Plaintiffs.

28. Primedia Enthusiast's knowing and intentional copying, publication, distribution, and sale of the Work constitute willful acts of copyright infringement under 17 U.S.C. § 501, et. seq. and violate Plaintiff(s)' exclusive copyright rights in the Work.

29. As a result of Primedia Enthusiast's infringement, Plaintiff(s) has suffered irreparable harm and has sustained monetary and other damages.

## COUNT TWO
(Copyright Infringement Against Individual Defendants, 17 U.S.C. § 501, et seq.)

30. Plaintiffs reallege and incorporate Paragraphs 1-29 above as if fully set forth herein.

31. Plaintiff(s) is the holder of a valid copyright in Work. The Work is an original work of authorship and copyrightable subject matter under 17 U.S.C. § 101, et. seq.

32. The Work is currently the subject of a registration application pending before the United States Copyright Office, Library of Congress. *See* Application for Copyright Registration and Confirmation of Receipt of Application, attached hereto as Exhibit C.

33. Through their actions, collectively and/or independently, the individual Defendants Lorraine, Cooke, Simone, and Scheing, are each responsible for the infringement of Plaintiff(s)' copyright interest in the Work.

34. Each of the individual Defendants has:

   a. directly participated in the actual infringement of the Work;

   b. determined, alone or with others, the policies which resulted in the infringement of the Work;

   c. used Practical Horseman, alone or with others, as an instrument to carry out the deliberate infringement of the Work; and/or

   d. derived a substantial financial benefit from the infringement of the Work.

35. The individual Defendants' knowing and intentional copying, publication, distribution, and sale of the Work constitute willful acts of copyright infringement under 17 U.S.C. Section 501, et. seq and violate of Plaintiff(s)' exclusive copyright rights in the Work.

36.     As a result of the individual Defendants' infringement, Plaintiff(s) has suffered irreparable harm and has sustained monetary and other damages.

**COUNT THREE**
(Infringement under Visual Artists Rights Act Against all Defendants-17 U.S.C.§106A)

37.     Plaintiffs reallege and incorporate Paragraphs 1-36 above as if fully set forth herein.

38.     Muster is the owner and holder of all moral rights in the Work that Defendants copied, published, distributed, and sold without prior authorization or permission from Muster.

39.     By airbrushing the word "PROOF" off of the Work, Defendants have modified, altered, mutilated, distorted, and/or destroyed the Work.

40.     Defendants, by modifying, altering, mutilating, distorting, and/or destroying the Work, have prejudiced Muster's honor and reputation and violated Muster's rights under the Visual Artists Rights Act.

41.     As a result of Defendants' actions, Muster has suffered irreparable harm to her honor and reputation and has sustained monetary and other damages.

**WHEREFORE,** Plaintiffs Mustphoto, Inc. d/b/a Randi Muster Photography and Randi Muster request that this Court:

1.     Enter Judgment in Plaintiffs' favor as to all Counts of the Complaint;

2.     Permanently enjoin Defendants from copying, altering and/or publishing any of Plaintiffs' copyrighted works without Plaintiffs' consent or authorization or otherwise infringe upon Plaintiffs' copyrightable works in any manner;

3. Award, at Plaintiffs' election, actual damages (including Defendants' profits) or the maximum statutory damages under the Copyright Act for Defendants' copyright infringement in an amount to be determined at trial;

4. Award Plaintiffs multiple damages for Defendants' willful infringement;

5. Order an equitable accounting of Defendants' profits from their unlawful conduct;

6. Award Plaintiffs reasonable attorneys' fees and costs in this action pursuant to the United States Copyright Act;

7. Award Plaintiffs pre-judgment and post-judgment interest at the Massachusetts statutory rate; and

8. Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

PLAINTIFF MUSTPHOTO, INC. d/b/a
RANDI MUSTER PHOTOGRAPHY
AND RANDI MUSTER
BY THEIR ATTORNEYS,

_____
Don J.J. Cordell, BBO #566933
Lana Sullivan, BBO #649364
SEEGEL, LIPSHUTZ & WILCHINS, P.C.
Wellesley Office Park, Suite 200
60 William Street
Wellesley, Massachusetts 02481-3803
Tel: (781) 237-4400
Fax: (781) 235-2333

K:\user\David\Muster, Randi-2711\Mustphoto,Inc\Complaint against Primedia.doc

8