UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUSTPHOTO, INC. d/b/a RANDI MUSTER PHOTOGRAPHY and RANDI MUSTER,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMEDIA ENTHUSIAST PUBLICATIONS, INC. d/b/a PRACTICAL HORSEMAN, MANDY LORRAINE, SUSAN SIMONE, SANDRA COOKE, and HEIDI SCHEING,<br><br>Defendants, | CIVIL ACTION NO.<br>04-10380GA0 |

**MOTION OF DEFENDANT PRIMEDIA ENTHUSIAST PUBLICATIONS, INC. TO DISMISS OR TRANSFER**

Defendant Primedia Enthusiast Publications, Inc. ("Primedia") moves to dismiss this action or, in the alternative, to transfer it to the United States District Court for the Eastern District of Pennsylvania.

Plaintiff Randi Muster ("Muster") is suing Primedia over alleged copyright damages arising from Primedia purchasing and publishing one of Muster's photographs from a horse show in Devon, Pennsylvania. Muster submitted this photograph to the Practical Horseman's Editorial Office in Coatesville, Pennsylvania in or about June of 2003. Complaint ¶15.

Because Muster fails to allege that even a single event relevant to her claim took place in Massachusetts, the Court should dismiss this action for improper venue pursuant to Fed. R. Civ.

BST99 1405383-2.051618.0016

P. 12(b)(3) and 28 U.S.C. §1406(a). Every party to this action resides in a state other than Massachusetts. In the alternative, under §1406(a), the court should transfer the action to the United States District Court for the Eastern District of Pennsylvania, where proper venue would exist.

Even if the court finds that proper venue exists for this action in the District of Massachusetts, this court should nonetheless exercise its discretion under §1404(a) and transfer the action to the Eastern District of Pennsylvania as a more appropriate forum, for reasons of convenience and in the interests of justice. Application of Section 1404 protects defendants "against the burdens of litigating in a distant or inconvenient forum." See Trans-Asiatic Oil v. Apex Oil, 743 F.2d 956, 959 (1st Cir. 1984) (In a federal context, courts apply the nonconstitutional doctrine of forum non conveniens codified at 28 U.S.C. § 1404, to protect defendants against litigation in a distant or inconvenient forum.)

Because Practical Horseman is a small specialty publication, transportation of witnesses and documentary evidence to Massachusetts will undoubtedly disrupt the magazine's business and create unnecessary expense. And because Muster is not a Massachusetts resident, transferring this case to Pennsylvania will not result in any greater inconvenience to the Plaintiff, as either forum will require her to travel. Accordingly, the balance of conveniences supports this motion for transfer because nearly all of the key witnesses, including three of the four individuals named in this action, and evidentiary materials required to defend this action, are located in Pennsylvania.

Respectfully submitted,

PRIMEDIA ENTHUSIAST PUBLICATIONS, INC.

By Its Attorneys

_____
Michael Kendall (BBO #544866)
Nicole Colby     (BBO #657478)
McDermott, Will & Emery
28 State Street
Boston, MA  02109
(617) 535-4000

Dated: May 17, 2004