UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUSTPHOTO, INC. d/b/a RANDI MUSTER PHOTOGRAPHY and RANDI MUSTER, <br><br> Plaintiffs, <br><br> v. <br><br> PRIMEDIA ENTHUSIAST PUBLICATIONS, INC. d/b/a PRACTICAL HORSEMAN, MANDY LORRAINE, SUSAN SIMONE, SANDRA COOKE, and HEIDI SCHEING, <br><br> Defendants, | CIVIL ACTION NO. 04-10380GA0 |

**DEFENDANT PRIMEDIA ENTHUSIAST PUBLICATIONS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER**

Defendant Primedia Enthusiast Publications, Inc. ("Primedia") submits this Memorandum in support of its motion to dismiss this action or, in the alternative, to transfer it to the United States District Court for the Eastern District of Pennsylvania.

Plaintiff Randi Muster ("Muster) is suing Primedia over alleged copyright damages arising from Primedia purchasing and publishing one of Muster's photographs from a horse show in Devon, Pennsylvania. Muster submitted this photograph to the Practical Horseman's Editorial Office in Coatesville, Pennsylvania in or about June of 2003. Complaint ¶15. Muster

had previously sold one of her photographs to Primedia for fifty dollars ($50.00). She now claims damages in excess of fifty thousand dollars ($50,000).

Muster filed her complaint in the United States District Court for the District of Massachusetts on March 9, 2004, claiming that Primedia's publication of this photograph in the September 2003 issue of Practical Horseman magazine constituted copyright infringement.

Because Muster fails to allege that even a single event relevant to her claim took place in Massachusetts, the Court should dismiss this action for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. §1406(a). Every party to this action resides in a state other than Massachusetts. In the alternative, under §1406(a), the court should transfer the action to the United States District Court for the Eastern District of Pennsylvania, where proper venue would exist.

If, however, this Court concludes that proper venue exists for this action in the District of Massachusetts, this court should nonetheless exercise its discretion under §1404(a) and transfer the action to the Eastern District of Pennsylvania as a more appropriate forum, for reasons of convenience and in the interests of justice.

## BACKGROUND

Plaintiff Mustphoto, Inc. is a Florida corporation with a principal place of business in Wellington, Florida. Complaint ¶ 1. Muster also resides in Wellington, Florida. Complaint ¶ 2. Defendant Primedia is a Pennsylvania corporation with a principal place of business in New York. Complaint ¶ 3. Defendant Primedia is doing business as Practical Horseman Magazine ("Practical Horseman"). Complaint ¶ 3. The Complaint alleges that on or about June 2003, Muster agreed to submit photographs from a horse show in Devon, Pennsylvania to Practical Horseman. Complaint ¶ 14. Muster claims that pursuant to that agreement, she provided

Practical Horseman with seven (7) proofs of a rider named Shachine Belle ("Belle") in June 2003. Complaint ¶ 15. Muster alleges that on or about December 2003, she discovered that Practical Horseman had published one of the Belle photographs in the September 2003 issue of Practical Horseman. Complaint ¶ 18. Muster claims this publication was unauthorized and constitutes infringement. Complaint ¶ 21. Muster filed the Complaint against Primedia on March 9, 2004 in the United States District Court for the District of Massachusetts, seeking damages for copyright infringement under 17 U.S.C. § 101, *et. seq.* (Complaint ¶¶ 24-29) and for infringement under the Visual Artists Rights Act under 17 U.S.C. §106A. (Complaint 37-41)

### ARGUMENT

I. The Court Should Dismiss the Action Or, In The Alternative, Transfer It Because Massachusetts Is An Improper Venue As Plaintiff's Claims Have No Connection To This Forum

The Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(3) because the District of Massachusetts is not a proper venue for Muster's infringement claims. The Federal "Cure or Waiver of Defects" Statute, 28 U.S.C. § 1406(a), compels this Court to dismiss the action, or transfer it to a district where venue would have been proper:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Because there is no connection between Massachusetts and any aspect of Muster's claims, Massachusetts is not the proper forum. Muster took the photograph at issue in Devon, Pennsylvania, and submitted it for publication to Practical Horseman's Editorial Office, also located in Pennsylvania. Complaint, ¶15. Moreover, of the four individual Practical Horseman employees that the Complaint names as defendants, the Complaint does not allege that any reside

in Massachusetts, or had any contact with Massachusetts that involve Muster's photograph and claims. See Simone Affidavit, ¶¶ 2,5; Scheing Affidavit, ¶¶ 2,5; Lorraine Affidavit, ¶¶ 2,5; Cooke-Leiby Affidavit, ¶¶ 2,5. The Complaint's only allegation of a Massachusetts connection is that Practical Horseman is sold in Massachusetts. Complaint, ¶8. Accordingly because there is no arguable connection between Muster's claims and this forum, these claims should be dismissed.

II. Even if Venue Was Proper, This Court Should Transfer The Case To Pennsylvania For Reasons Of Convenience And In The Interests Of Justice.

If this Court determines that this action is not subject to dismissal for lack of proper venue in the District of Massachusetts, it should still find that the United States District Court for the Eastern District of Pennsylvania is a more appropriate forum and should order the transfer of the case pursuant to 28 U.S.C. §1404 (a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Application of Section 1404 protects defendants "against the burdens of litigating in a distant or inconvenient forum." See Trans-Asiatic Oil v. Apex Oil, 743 F.2d 956, 959 (1st Cir. 1984) (In a federal context, courts apply the nonconstitutional doctrine of forum non conveniens codified at 28 U.S.C. § 1404, to protect defendants against litigation in a distant or inconvenient forum.) As the party moving to transfer the action, the defendant bears the burden of having to show that the circumstances predominate in favor of transfer. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (S.Ct. 1947). Nonetheless, analysis of the relevant factors indicates that fairness to the parties and judicial efficiency will be best served by this court exercising its discretion to transfer the case to a federal court in Pennsylvania.

Pennsylvania has a superior interest in providing a forum for the redress of injuries which allegedly occur within its borders. Keeton v. Hustler, 465 U.S. 770, 776 (S.Ct. 1984) ("A state has an especial interest in exercising judicial jurisdiction over those who commit torts within its territory. This is because torts involve wrongful conduct which a state seeks to deter, and against which it attempts to afford protection, by providing that a tort-feasor shall be liable for damages which are the proximate result of his tort.")

The most practical reason to find that Pennsylvania is a more suitable forum is the convenience of the parties and witnesses, and the availability of documents needed for evidence. Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987) (In making a determination regarding venue, the district court should consider the convenience of the parties and witnesses, and the availability of documents). In the present case, nearly all of the key witnesses, including three of the four individuals named in this action, and evidentiary materials required to defend this action, are located in Pennsylvania. And because Practical Horseman is a small specialty publication, transportation of witnesses and documentary evidence to Massachusetts will undoubtedly disrupt the magazine's business and create unnecessary expense. Moreover, because Muster is not a Massachusetts resident, transferring this case to Pennsylvania will not result in any greater inconvenience to the Plaintiff, as either forum will require her to travel.

Based on the factors described above, it is apparent that a balancing of conveniences strongly favors the granting of the motion to transfer. The interests of justice militate against allowing this suit to proceed in Massachusetts where Muster has brought suit in a forum that bears no relationship to the claims at issue. Muster's forum-shopping was designed to force Primedia to defend this action in an inconvenient and inappropriate forum – thereby imposing a greater expense and burden on the company.

Accordingly, the balance of conveniences supports this motion for transfer, and the interests of justice would be better served by adjudicating this dispute in Pennsylvania, the forum within which the events giving rise to these claims took place.

## CONCLUSION

For the reasons above, this Court should dismiss this action in its entirety for lack of proper venue. In the alternative, it should transfer this case to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

PRIMEDIA ENTHUSIAST PUBLICATIONS, INC.

By Its Attorneys

/s/ Michael Kendall

Michael Kendall (BBO #544866)
Nicole Colby (BBO #657478)
McDermott, Will & Emery
28 State Street
Boston, MA 02109
(617) 535-4000

Dated: May 17, 2004