UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUSTPHOTO, INC. d/b/a RANDI MUSTER PHOTOGRAPHY and RANDI MUSTER,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMEDIA ENTHUSIAST PUBLICATIONS, INC. d/b/a PRACTICAL HORSEMAN, MANDY LORRAINE, SUSAN SIMONE, SANDRA COOKE, and HEIDI SCHEING,<br><br>Defendants, | CIVIL ACTION NO. 04-10380GA0 |

**INDIVIDUAL DEFENDANTS' MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND IN THE ALTERNATIVE, FOR LACK OF PERSONAL JURISDICTION**

The four individual defendants, Mandy Lorraine ("Lorraine"), Susan Simone ("Simone"), Sandra Cooke-Leiby ("Cooke") and Heidi Scheing ("Scheing") move to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In the alternative, they move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted.

This Court should dismiss the claims against Scheing, Simone, Lorraine, and Cooke, pursuant to Rule 12(b)(2), for lack of personal jurisdiction over them. To exercise personal

jurisdiction, this Court must find sufficient contacts between the defendants and Massachusetts to satisfy both the state's long-arm statute (G.L. c. 223A in Massachusetts) and the Fourteenth Amendment's Due Process Clause. Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). Because Plaintiff failed to allege any connection between the defendants' actions and Massachusetts, it is apparent on the face of the Complaint that there is no basis under the Massachusetts Long-Arm Statute for the assertion of jurisdiction of the individual defendants.

Even if this were not the case, this court's exercise of jurisdiction would not comport with due process. The Due Process Clause permits the exercise of personal jurisdiction only over defendants who have purposefully established sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction does not offend "'traditional notions of fair play and substantial justice.'" Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 206 (1st Cir. 1994) (quoting International Shoe, 326 U.S. at 316).

In the alternative, the Court should dismiss the Complaint against the four individual defendants because it fails to state a claim upon which relief may be granted: it has failed to allege anything that would create personal liability for the four individuals. Plaintiff has failed to allege any participation or acts sufficient to create personal liability for the four defendants. The Complaint makes no allegation against defendants Cooke or Scheing. The allegations against Lorraine that she invited Muster to submit a photograph, or Simone, that Muster mailed the photograph to her - - do not allege participation in a tortious act.

Accordingly, because the Complaint has failed to allege anything that would create personal liability for the four individuals, the Court should dismiss the Complaint against the four individual defendants for failure to state a claim upon which relief may be granted. Even if

a court finds that Primedia infringed on Ms. Muster's copyright, Muster's allegations are insufficient to justify finding the individual defendants personally liable.

Respectfully submitted,

Defendants Mandy Lorraine, Susan Simone, Sandra Cooke-Leiby and Heidi Scheing
By Its Attorneys,

_____
Michael Kendall (BBO #544866)
Nicole Colby    (BBO #657478)
McDermott, Will & Emery
28 State Street
Boston, MA 02109
(617) 535-4000

Dated: May 17, 2004