UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUSTPHOTO, INC. d/b/a RANDI MUSTER PHOTOGRAPHY and RANDI MUSTER,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMEDIA ENTHUSIAST PUBLICATIONS, INC. d/b/a PRACTICAL HORSEMAN, MANDY LORRAINE, SUSAN SIMONE, SANDRA COOKE, and HEIDI SCHEING,<br><br>Defendants, | CIVIL ACTION NO.<br>04-10380GA0 |

**INDIVIDUAL DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, AND IN THE ALTERNATIVE, FOR LACK OF PERSONAL JURISDICTION**

The four individual defendants, Mandy Lorraine ("Lorraine"), Susan Simone ("Simone"), Sandra Cooke-Leiby ("Cooke") and Heidi Scheing ("Scheing") submit this memorandum in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In the alternative, they move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint for failure to state a claim upon which relief can be granted.

Plaintiff Randi Muster ("Muster) is suing Primedia Enthusiast Publications, Inc. ("Primedia"), and four of its employees over alleged copyright damages arising from Primedia purchasing and publishing one of Muster's photographs from a horse show in Devon,

Pennsylvania. Muster submitted this photograph to the Practical Horseman's Editorial Office in Coatesville, Pennsylvania in or about June of 2003. Complaint ¶15. Muster had previously sold one of her photographs to Primedia for fifty dollars ($50.00). She now claims damages in excess of fifty thousand dollars ($50,000). Muster filed her complaint in the United States District Court for the District of Massachusetts on March 9, 2004, claiming that Primedia's publication of her photograph in the September 2003 issue of Practical Horseman magazine constituted copyright infringement. Because Plaintiff fails to allege any jurisdictional connection between the three individual defendants and Massachusetts, this case should be dismissed for lack of personal jurisdiction. In the alternative, because Plaintiff fails to state a claim against the four individual defendants upon which relief can be granted, this case should be dismissed pursuant to Rule 12(b)(6).

## FACTS

Plaintiff Mustphoto, Inc. ("Mustphoto") is a Florida corporation with a principal place of business in Wellington, Florida. Complaint ¶ 1. Muster also resides in Wellington, Florida. Complaint ¶ 2. Their Complaint alleges that on or about June 2003, Muster, in response to a conversation with Lorraine, submitted photographs from a horse show in Devon, Pennsylvania to Simone at Practical Horseman. Complaint ¶ 14, 15. Practical Horseman's offices are in Pennsylvania. The plaintiffs sued the magazine's publisher, Primedia, and four individual employees of Practical Horseman on March 9, 2004 in the United States District Court for the District of Massachusetts, seeking damages for copyright infringement under 17 U.S.C. § 101, *et. seq.* (Complaint ¶¶ 30-36) and for infringement under the Visual Artists Rights Act under 17 U.S.C. §106A. (Complaint ¶¶ 37-41).

After a conversation with defendant Lorranie, Muster submitted photographs of one of the competitors at the Devon, Pennsylvania horse show, Shachine Belle, to the Practical Horseman magazine. Complaint, ¶14, 15. The images were sent to Simone, a Practical Horseman staff member who works in the magazine's Editorial Office in Coatesville, Pennsylvania. Id. In consideration for publication of the Belle photograph, Practical Horseman paid Muster seventy-five dollars ($75.00). After refusing to cash the check, Muster brought this action, alleging that by publishing the Belle photograph, Practical Horseman and four of its employees unlawfully infringed on her copyright.

## **ARGUMENT**

I. The Court Should Dismiss Muster's Claims Against The Four Individual Defendants for Lack of Personal Jurisdiction

This Court should dismiss the claims against Scheing, Simone, Lorraine, and Cooke, pursuant to Rule 12(b)(2), for lack personal jurisdiction over them. To exercise personal jurisdiction, this Court must find sufficient contacts between the defendants and Massachusetts to satisfy both the state's long-arm statute (G.L. c. 223A in Massachusetts) and the Fourteenth Amendment's Due Process Clause.[1] Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995). Plaintiff must prove all facts upon which personal jurisdiction depends. Sawtelle, supra; Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 207, n.9 (1st Cir. 1994). To survive a Rule 12(b)(2) motion, plaintiff must go beyond the pleadings and make affirmative proof. Chlebda v. H.E. Fortna and Bro., Inc. 609 F.2d 1022, 1024 (1st Cir. 1979).

---

[1] G.L.c. 223A has been held to confer jurisdiction to the Constitutional limits, but only when its literal terms so permit. Good Hope Industries v. Ryder Scott Co., 389 N.E.2d 76, 79-80 (1979). Conversely, Ch. 223A "cannot authorize jurisdiction which is constitutionally unacceptable." Id. at 79. Thus, inquiries into the limits of jurisdiction authorized by Ch. 223A and the Constitution are interrelated, but distinct, endeavors.

Because Plaintiff failed to allege any connection between the defendants' actions and Massachusetts, it is apparent on the face of the Complaint that there is no basis under the Massachusetts Long-Arm Statute for the assertion of jurisdiction of the individual defendants. Even if this were not the case, this court's exercise of jurisdiction would not comport with due process.

### A.    The Long Arm Statute Does Not Authorize Jurisdiction

The applicable Massachusetts long-arm statute is G.L. c. 223A §3(a), which states:

A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

(c) causing tortious injury in this Commonwealth; [and]

(d) causing tortuous injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this commonwealth.

The complaint does not allege that the four individual defendants have engaged in any of these activities within Massachusetts, let alone that their activities in the state are sufficient to pass the test of due process. The Massachusetts long-arm statute, therefore, has no application to this case.

In particular, Muster failed to make any allegation that the individual defendants had any contacts with Massachusetts that would constitute "transacting business." Muster alleges that a conversation took place with defendant Lorraine, regarding the submission of the photograph at issue to the Practical Horseman magazine. Complaint ¶14. By her own admission, this

conversation occurred at a horse show in Devon, Pennsylvania. Complaint ¶ 14. Further, Muster concedes that she submitted this photograph via electronic mail, to Simone, in the magazine's Pennsylvania office. Complaint ¶¶ 14,15. Accordingly, Plaintiff has failed to allege any connection between the defendants and Massachusetts, because no connection exists: Each defendant moving to dismiss on the basis of a lack of personal jurisdiction has stated that they were not aware of having any contact with Massachusetts as a result of their employer's purchase and publication of Muster's photograph. See Affidavits ¶ 5.

As a matter of law, Muster's allegation that the individual employees establish policies at the magazine, is insufficient to demonstrate that they were transacting business in Massachusetts for jurisdictional purposes. The general rule is that jurisdiction over the individual employees of a corporation may not be based merely on jurisdiction over the corporation. See Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 906 (1st Cir. 1980) (holding that asserting personal jurisdiction over individual corporate officers under Puerto Rico's long-arm statute was improper because the plaintiff failed to allege any independent basis for asserting jurisdiction, or that the individuals even transacted personal business within Puerto Rico.). See also, Hahn v. Vermont Law School, 698 F. 2d 48, 51 (1st. Cir. 1983) (While the law school had sufficient contacts with the forum to bring it within Massachusetts' long-arm statute and confer jurisdiction, the assertion of jurisdiction over a professor was improper because jurisdiction over officers or employees of a corporation cannot be predicated on jurisdiction over the corporation itself).

Because there must be an independent basis for asserting long-arm jurisdiction, Plaintiff's conclusory allegation that the individual defendants "exert a dominant influence over the magazine," or "had a direct role in the infringement and established…the policies that resulted in the infringement" is insufficient to show that they transacted business in Massachusetts.

conversation occurred at a horse show in Devon, Pennsylvania. Complaint ¶ 14. Further, Muster concedes that she submitted this photograph via electronic mail, to Simone, in the magazine's Pennsylvania office. Complaint ¶¶ 14,15. Accordingly, Plaintiff has failed to allege any connection between the defendants and Massachusetts, because no connection exists: Each defendant moving to dismiss on the basis of a lack of personal jurisdiction has stated that they were not aware of having any contact with Massachusetts as a result of their employer's purchase and publication of Muster's photograph. See Affidavits ¶ 5.

As a matter of law, Muster's allegation that the individual employees establish policies at the magazine, is insufficient to demonstrate that they were transacting business in Massachusetts for jurisdictional purposes. The general rule is that jurisdiction over the individual employees of a corporation may not be based merely on jurisdiction over the corporation. See Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d 902, 906 (1st Cir. 1980) (holding that asserting personal jurisdiction over individual corporate officers under Puerto Rico's long-arm statute was improper because the plaintiff failed to allege any independent basis for asserting jurisdiction, or that the individuals even transacted personal business within Puerto Rico.). See also, Hahn v. Vermont Law School, 698 F. 2d 48, 51 (1st. Cir. 1983) (While the law school had sufficient contacts with the forum to bring it within Massachusetts' long-arm statute and confer jurisdiction, the assertion of jurisdiction over a professor was improper because jurisdiction over officers or employees of a corporation cannot be predicated on jurisdiction over the corporation itself).

Because there must be an independent basis for asserting long-arm jurisdiction, Plaintiff's conclusory allegation that the individual defendants "exert a dominant influence over the magazine," or "had a direct role in the infringement and established...the policies that resulted in the infringement" is insufficient to show that they transacted business in Massachusetts.

Accordingly, because Muster has failed to meet her burden of proving the facts necessary to sustain personal jurisdiction over the individual defendants, the actions against them must be dismissed.

1. <u>Section 3(a) Does Not Authorize Jurisdiction</u>

Chapter 223A, §3(a) authorizes jurisdiction as to claims "arising from: the defendants' transacting business in Massachusetts." Though "transacting any business" has been interpreted liberally, reaching any purposeful act by an individual, whether personal, private or commercial, and extends even to isolated transactions, <u>Bond Leather Co. v. Q.T. Shoe Mfg. Co.</u>, 764 F.2d 928, 933 (1st Cir. 1985), to satisfy the "arising from" requirement, Muster must establish that an act of a defendant which constitutes "transacting any business" in Massachusetts is a "but for" cause of the injury suffered. <u>Tatro v. Manor Care, Inc.</u> 416 Mass. 763, 770-771 (1994).

Defendants have never been Massachusetts residents, do not own any real estate in Massachusetts, do not have ownership interests in any business located or incorporated in Massachusetts, and do not maintain bank accounts in any Massachusetts bank. <u>See</u> Affidavits, ¶ 4. To the extent that their minimal contact with the state – sporadic personal visits or traveling through en route to a neighboring state satisfies the "transacting business" requirement, jurisdiction is nonetheless inappropriate because these infrequent and random visits are not a "but for" cause of Plaintiff's alleged injuries. Even Cooke, who occasionally visited Massachusetts for magazine business, does not pass this "but for" test.

2. <u>Section 3(b) Does Not Authorize Jurisdiction</u>

Section 3(b) is also inapplicable: the four individual defendants did not contract to supply services or things in the Commonwealth. Even if Primedia contracts to provide magazines in Massachusetts are sufficient to create jurisdiction for it under Section 3(b), exercising personal jurisdiction over the defendants is still inappropriate because as with Section 3(a) there is no connection between the contracting to sell the magazines and Muster's claims.

3.   Section 3(c) Does Not Authorize Jurisdiction.

Muster's complaint fails to allege that any of the individual defendants committed tortious acts in Massachusetts. Her unsupported allegations fall short of demonstrating jurisdiction under this section of the Massachusetts long arm statute. Subsection 3(c) is intended to apply only when the act causing the injury occurs within Massachusetts. There is no allegation that the individual defendants ever set foot in Massachusetts, and although it is not necessary for a plaintiff to show physical presence of the defendant in the Commonwealth, Good Hope Industries, Inc. v. Ryder Scott Company, 378 Mass. 1, 10 (1979), Muster has failed to show that the alleged tortious conduct occurred in Massachusetts within the meaning of subsection 3(c). She has done nothing more than allege that the four individual defendants were involved in the infringing of Muster's photograph, either directly or indirectly by creating policies which led to the infringement, and that copies of the magazine where the infringing photograph was published were ultimately sold in Massachusetts.

4.   Section 3(d) Does Not Authorize Jurisdiction

The exercise of personal jurisdiction under subsection 3(d) does not depend on the location of the allegedly tortious conduct. Instead, the plaintiff must show that there was tortious injury in Massachusetts.

However, even if Muster can satisfy the threshold requirement of subsection 3(d), she must also demonstrate that each of the defendants "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth." Plaintiff cannot demonstrate that any of the four defendants moving to dismiss for lack of personal jurisdiction "regularly does or solicits business" in Massachusetts or otherwise engages in any "persistent course of conduct" here. Moreover, none of the defendants "derive substantial revenue from goods used or consumed in Massachusetts."

B.  The Exercise of Jurisdiction Over the Defendants Would Be Unconstitutional.

Even if authorized by the literal terms of Ch. 223A, the exercise of jurisdiction over the defendants in this case would violate the Due Process Clause of the Fourteenth Amendment. The Due Process Clause permits the exercise of personal jurisdiction only over defendants who have purposefully established sufficient "minimum contacts" with the forum state such that the exercise of jurisdiction does not offend "'traditional notions of fair play and substantial justice'" Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201, 206 (1st Cir. 1994) (quoting International Shoe, 326 U.S. at 316).

Satisfaction of the "minimum contacts" prerequisite requires proof of "purposeful availment," *i.e.*, "that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). This assures that jurisdiction will not be based upon "random, isolated or fortuitous contacts." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

- 8 -

Defendants do not have sufficient "minimum contacts" to support the exercise of personal jurisdiction. Each of the moving defendants are domiciled in Pennsylvania or Maine. See Affidavits, ¶2. Each of the moving defendants work in Pennsylvania or Maine. See Affidavits, ¶2. Their contacts with Massachusetts are random and infrequent: Simone has not been to Massachusetts since 1983, when she drove through Massachusetts on a trip to Maine; Scheing has not been to Massachusetts since a personal trip approximately ten years ago; and Lorraine last visited Massachusetts three years ago traveling through the state on her way to Maine. Cooke has come to Massachusetts on occasion for work, but this is so remote and removed from the allegations it too is insufficient. These infrequent contacts are "random, isolated, or fortuitous" at best and the fact that defendants have had no contact with Massachusetts as a result of Practical Horesman's purchase of Muster's photograph, indicates that defendants cannot be said to have "purposefully availed" themselves of the privilege of conducting activities in Massachusetts.

Moreover, even if minimum contacts existed in this case, the circumstances of this case tend to undermine the constitutionality of the assertion of jurisdiction. See Burger King Corp. at 477. The First Circuit refers to the circumstances this Court should consider as "Gestalt factors." See Donatelli v. National Hockey League, 893 F.2d 459, 465 (1st Cir. 1990). They include: (1) plaintiff's interest in obtaining convenient and effective relief; (2) the burden imposed by the defendant in requiring it to appear; (3) the forum's adjudicatory interest; (4) the interest of the interstate judicial system in the place of adjudication; and (5) the common interest of all affected sovereigns in promoting substantive social policies. Id.

Keeping in mind that "[T]he relationship among the defendant, the forum, and the litigation" always remains at center stage in the jurisdictional inquiry, Shaffer v. Heitner, 433

U.S. 186, 204 (1977), defendants' actions are insufficient to subject them to the exercise of personal jurisdiction by this Court. "The contacts between respondent and the forum must be judged in light of [the] claim [asserted by the plaintiff and]…must be such that it is 'fair' to compel respondent to defend" against that claim in the forum state. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984). Accordingly, because the defendants' contacts with the state are minimal and infrequent, fairness requires that they not have to bear the burden of defending themselves in this Court. Moreover, Massachusetts has a minimal interest in adjudicating this claim, in light of the fact that none of the events or transactions giving rise to this claim occurred Massachusetts, none of the defendants reside in Massachusetts, and the plaintiff is not a resident of Massachusetts.

II.     Plaintiff's Claims Against Defendants Should be Dismissed for Failure to State a Claim Under Rule 12(b)(6).

In the alternative, the Court should dismiss the Complaint against the four individual defendants because it fails to state a claim upon which relief may be granted: it has failed to allege anything that would create personal liability for the four individuals.

Even if a court finds that Primedia infringed on Ms. Muster's copyright, Muster's allegations are insufficient to justify finding the individual defendants personally liable. The individual defendants in this matter are not directors or officers -- they are merely Primedia employees. Accordingly, the mere averment that the individual defendants were involved in developing corporate policies that led to the alleged infringement is insufficient to impose liability under this theory. Complaint ¶¶ 4-7

Moreover, even if the individual defendants in this case were corporate officers, liability would still be lacking because under Pennsylvania law, courts will not premise liability on allegations or argument that a corporate officer merely "should have known the consequences of

the liability-creating corporate act," Wicks v. Milzoco Builders, Inc. 503 Pa. 614 (1983), or upon proof of the defendant officer's general supervisory liability. Chester-Cambridge Bank & Trust Co. v. Rhodes, 346 Pa. 427, 432.

As stated by the Pennsylvania Supreme Court in Wicks, while a director or officer of a corporation may be held liable under the "participation theory" for tortious acts in which they participated, the liability stems from their role as actors rather than owners. More specifically, "The general, if not universal, rule is that an officer of a corporation who takes part in the commission of a tort by the corporation is personally liable therefor; but that an officer of a corporation who takes no part in the commission of the tort committed by the corporation is not personally liable to third persons for such a tort…unless he specifically directed the particular act to be done or participated, or cooperated therein." See also, Cohen v. Maus, 297 Pa. 454, 457 (1929) (directors of a corporation cannot be held individually liable for a conversion by the corporation and its general manager about which they knew nothing simply because they might have discovered the conversion by examining the corporate records).

Accordingly, Plaintiff has failed to allege any participation or acts sufficient to create personal liability for the four defendants: The Complaint makes no allegation against Cooke or Scheing. The allegations against Lorraine that she invited Muster to submit a photograph, or Simone, that Muster mailed the photograph to her - - do not allege participation in a tortious act. Because the Complaint has failed to allege anything that would create personal liability for the four individuals, the Court should dismiss the Complaint against the four individual defendants for failure to state a claim upon which relief may be granted.

## CONCLUSION

The Court should dismiss the four individual defendants from the Complaint for lack of personal jurisdiction. In the alternative, it should dismiss the Complaint as to the four individual defendants because it fails to state a claim.

Respectfully Submitted,

Defendants Mandy Lorraine, Susan Simone,
Sandra Cooke-Leiby and Heidi Scheing
By Their Attorneys,

_____
Michael Kendall (BBO #544866)
Nicole Colby (BBO # 657478)
McDermott, Will & Emery
28 State Street
Boston, MA 02109
(617) 535-4000

Dated: May 17, 2004

BST99 1405148-1.051618.0016

- 12 -