FILED
IN CLERKS OFFICE
2004 JUL -7  P 12: 27
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUSTPHOTO, INC. d/b/a RANDI MUSTER PHOTOGRAPHY and RANDI MUSTER,<br><br>Plaintiffs,<br><br>v.<br><br>PRIMEDIA ENTHUSIAST PUBLICATIONS, INC. d/b/a PRACTICAL HORSEMAN, MANDY LORRAINE, SUSAN SIMONE, SANDRA COOKE, and HEIDI SCHEING,<br><br>Defendants. | CIVIL ACTION NO.<br>04-10380GAO |

## PLAINTIFFS' OPPOSITION TO DEFENDANT PRIMEDIA ENTHUSIAST PUBLICATIONS, INC.'S MOTION TO DISMISS OR TRANSFER

Plaintiffs Mustphoto, Inc. d/b/a Randi Muster Photography ("Mustphoto") and Randi Muster ("Muster") (collectively, Mustphoto and Muster referred to as "Plaintiffs") hereby oppose Defendant Primedia Enthusiast Publications, Inc. d/b/a Practical Horseman's ("Primedia") Motion to Dismiss or Transfer (the "Motion"). There are no grounds to dismiss or transfer this case given that venue is proper in this Court under 28 U.S.C. § 1400(a). However, if this Court should decide that Massachusetts is not the most appropriate forum for this case then, pursuant to 28 U.S.C. §1404(a), this case should be transferred to the United States District Court for the Southern District of Florida, where Mustphoto is located and Muster resides, not the United States District Court for the Eastern District of Pennsylvania.

1

## **FACTUAL BACKGROUND**

Plaintiff Randi Muster is the sole proprietor of Plaintiff Mustphoto, Inc. d/b/a Randi Muster Photography, a photography company incorporated and located in Florida. *Complaint at ¶¶ 1-2, Affidavit of Randi Muster at ¶2* (hereinafter "Muster Aff. at ¶ ___"). Although Muster's residence and business are in Florida, she spends a significant amount of time each year in Massachusetts, where her immediate family resides. *Complaint at ¶1, Muster Aff. at ¶3*. Defendant Primedia Enthusiast Publications, Inc. d/b/a Practical Horseman is a national media company with a principal place of business in New York. *Complaint at ¶3*. Primedia owns, operates, and controls Practical Horseman magazine, a publication with a circulation of approximately eighty thousand (80,000). Primedia has offered Practical Horseman for sale in Massachusetts, including the infringing issue which is the basis of this suit, sold Practical Horseman in Massachusetts, and otherwise conducted business in Massachusetts. *Complaint at ¶8, Muster Aff. at ¶4*.

In or around June 2003, Practical Horseman asked Muster if it could review proofs of Shachine Belle, a horseback rider that Muster had photographed. *Complaint at ¶14*. Pursuant to this request, Muster e-mailed seven (7) proofs to Practical Horseman. *Complaint at ¶15*. Each e-mailed image had the word "PROOF" prominently displayed across the front in order to prevent unauthorized use and to protect Plaintiffs' copyright and related ownership rights. *Complaint at ¶16*. Primedia never purchased any of the e-mailed images and Muster never agreed that Practical Horseman could use any of the photographs. *Complaint at ¶17, Muster Aff. at ¶8*. Although the parties had no agreement for Defendants to use the proof, Defendants, *without Muster's knowledge, authorization or approval*, airbrushed the word "PROOF" off of one of the images,

2

thereby distorting the fine quality of the image, and proceeded to publish, distribute and sell the infringing use in the September 2003 issue of Practical Horseman.[1] *Complaint at* ¶18. After publication, Defendants admitted that Practical Horseman had used Muster's photograph without Muster's permission or authorization, but "justified" the infringement by stating that the magazine had needed to meet a publication "deadline." *Complaint at* ¶22. In or around February 2004, Plaintiffs filed this suit against Defendants seeking relief on their claims for copyright infringement in violation of the Copyright Act, 17 U.S.C. §106 and the Visual Artists Rights Act, 17 U.S.C. §106A.

## ARGUMENT

Venue for this action properly lies in Massachusetts under 28 U.S.C. §1400(a) given that Defendants have offered Practical Horseman for sale in Massachusetts, sold Practical Horseman in Massachusetts, and otherwise transacted business in Massachusetts. 28 U.S.C. §1400(a) provides that "[c]ivil actions, suits, or proceedings arising under any Act of Congress relating to copyrights. . . may be instituted in the district in which the defendant or his agent resides or may be found." Courts have consistently held that for the purpose of establishing venue under section 1400(a), a defendant "may be found" in any jurisdiction in which personal jurisdiction may be asserted over it. *North American Philips Corp. v. Am. Vending Sales, Inc.*, 35 F.3d 1576,1577, n.1 (Fed. Cir. 1994) (venue analysis is subsumed within analysis of personal jurisdiction) (internal citations omitted). *See also Keeton v. Hustler*, 465 U.S. 770 (1984) (non-resident publisher's regular circulation of magazine in forum state sufficient to support assertion of jurisdiction in libel action based on the contents of magazine).

---

[1] Indeed, if the parties did have an agreement in place, then there would have been no reason for Practical Horseman to airbrush the word "PROOF" off of the image. Instead, Muster would have sent Defendants a clean print with the word "PROOF" removed.

Primedia implicitly concedes that venue is proper given that it does *not* challenge personal jurisdiction. Primedia also claims that this action should be transferred to a federal court in Pennsylvania under the doctrine of forum non conveniens. Section 1404(a), which codifies the legal doctrine of forum non conveniens, states that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In discussing this doctrine, the United States Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501,508 (1947), stated that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." Further, "[a]morphous allegations of need as to unnamed witnesses and unspecified documents are inadequate to satisfy the mandate of *Gulf Oil Corp.* that there be a clear showing that a balancing of conveniences *strongly* favors the granting of a motion." *Crosfield Hastech, Inc. v. Harris Corp.*, 672 F. Supp 580,589 (D.N.H. 1987).

Primedia posits that Pennsylvania is the most suitable forum for this case because "nearly all of the key witnesses" and "evidentiary materials required to defend this action" are located in Pennsylvania. This assertion is demonstrably false. Both Muster's residence and business, of which she is sole proprietor, are located in Florida, Muster discovered the infringement in Florida, and has been damaged by the infringement in Massachusetts and Florida. *Complaint at ¶¶ 1-2, 18, 29, 41, Muster Aff. at ¶¶ 1-2.* Four of the seven parties to this case (Muster, Mustphoto, Primedia, and Cooke) are not residents of Pennsylvania, and the few (unspecified) documents, if any, which may be relevant to this basic infringement case, can easily be transported to *any*

location across the country. *Complaint at ¶¶ 1-3, Muster Aff. at ¶¶ 2 & 7-8, Affidavit of Sandra Cooke-Leiby at ¶2* (attached to Individual Defendant's Motion to Dismiss).

The burden that Muster would experience if forced to travel to Pennsylvania to litigate this case instead of Massachusetts (where she regularly travels) or Florida (where she resides) would <u>far</u> outweigh any inconvenience experienced by Primedia or its "key witnesses," the four individual defendants. Muster's business would be greatly disrupted and she would experience undue expense. *Muster Aff. at ¶5.* In contrast, Practical Horseman, a magazine owned, operated and controlled by Primedia, a corporate giant, has a national circulation of approximately 80,000 and undoubtedly possesses sufficient resources and staffing to support this level of service. The impact that the situs of this lawsuit will have upon Practical Horseman's operations, if at all, will be nothing more than a *minor inconvenience.*

Additionally, since one of Primedia's "key witnesses," co-defendant Sandra Cooke, works "full-time off-site" out of her office in Winterport, Maine, keeping this case in Massachusetts (or if necessary, transferring this case to Florida) instead of Pennsylvania would not result in any greater convenience to her as either forum will require her to travel (indeed, Massachusetts would be the <u>most</u> convenient forum for Ms. Cooke given her Maine location). Since the filing of this lawsuit, two other individual Defendants (Lorraine and Cooke) have ceased to be employed by Primedia, and thus *no longer work* out of Practical Horseman's Pennsylvania office. *Affidavit of Mandy Lorraine at ¶5, Affidavit of Susan Simone at ¶1.* Lorraine traveled extensively while employed by Practical Horseman and has recently attended equestrian events in Florida and New Jersey. On the basis of these facts, it is evident that the inconvenience

that Primedia and its key witnesses will allegedly experience if this case remains in Massachusetts (or is transferred to Florida) pales in comparison to that incurred by Muster.

### CONCLUSION

For the foregoing reasons, this Court should deny Primedia's Motion to Dismiss or Transfer given that venue is proper in this Court under 28 U.S.C. § 1400(a). In the alternative, if this Court decides that Massachusetts is not the most appropriate forum for this case then, pursuant to 28 U.S.C. §1404(a), this case should not be transferred to the United States District Court for the Eastern District of Pennsylvania as Primedia suggest, but rather the United States District Court for the Southern District of Florida.

PLAINTIFF MUSTPHOTO, INC. d/b/a
RANDI MUSTER PHOTOGRAPHY
AND RANDI MUSTER
BY THEIR ATTORNEYS,

_____
Michael B. Cosentino, BBO#558036
Don J.J. Cordell, BBO #566933
Lana Sullivan, BBO #649364
SEEGEL, LIPSHUTZ & WILCHINS, P.C.
Wellesley Office Park, Suite 200
60 William Street
Wellesley, Massachusetts 02481-3803
Tel: (781) 237-4400
Fax: (781) 235-2333

Dated: July 2, 2004

## CERTIFICATE OF SERVICE

I, Lana Sullivan, hereby certify that a true and accurate copy of Plaintiffs' Opposition to Defendant Primedia Enthusiast Publications, Inc.'s Motion to Dismiss or Transfer has been served via first-class mail this 2 day of July, 2004 to the following counsel of record:

Michael Kendall, Esq.
McDermott, Will & Emery
28 State Street
Boston, Massachusetts 02109

_____
Lana Sullivan