FILED
IN CLERKS OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS 7 P 12: 27

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MUSTPHOTO, INC. d/b/a RANDI MUSTER PHOTOGRAPHY and RANDI MUSTER, | ) CIVIL ACTION NO.<br>) 04-10380GAO<br>) |
| Plaintiffs, | ) |
| v. | ) |
| PRIMEDIA ENTHUSIAST PUBLICATIONS, INC. d/b/a PRACTICAL HORSEMAN, MANDY LORRAINE, SUSAN SIMONE, SANDRA COOKE, and HEIDI SCHEING, | ) |
| Defendants. | ) |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS MANDY LORRAINE, SUSAN SIMONE, SANDRA COOKE, AND HEIDI SCHEING'S MOTION TO DISMISS

Plaintiffs Mustphoto, Inc. d/b/a Randi Muster Photography and Randi Muster

("Muster" or "Plaintiffs") hereby oppose Defendants Mandy Lorraine, Susan Simone,

Sandra Cooke, and Heidi Scheing's Motions to Dismiss. There are no grounds to dismiss

Plaintiffs' claims against Lorraine, Simone, Cooke, and Scheing either on the basis that

personal jurisdiction is lacking under Fed. R. Civ. P. 12(b)(2) or because the Complaint

fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). The

jurisdictional connections and nexus between the individual Defendants' wrongful

infringement and Massachusetts are clear from the face of the Complaint.

However, if this Court should decide that personal jurisdiction does not exist over

the individual defendants in Massachusetts then, pursuant to 28 U.S.C. §1404(a), in the

interests of justice, this case should be transferred to the United States District Court for

1

the Southern District of Florida. Thus, for the reasons explained in detail below, the

individual Defendants' Motions to Dismiss must be denied.

### FACTUAL BACKGROUND

Plaintiff Randi Muster is the sole proprietor of Plaintiff Mustphoto, Inc. d/b/a

Randi Muster Photography, a photography company incorporated and located in Florida.

*Complaint at ¶¶ 1-2, Affidavit of Randi Muster at ¶2* (hereinafter "Muster Aff. at ¶ ___").

Although Muster's residence and business are in Florida, she spends a significant amount

of time each year in Massachusetts, where her immediate family resides. *Complaint at*

*¶1, Muster Aff.* at ¶3. Muster has purchased an issue of Practical Horseman, the

magazine which is at the center of this infringement suit, both in Massachusetts and

Florida. *Muster Aff.* at ¶4.

Defendant Primedia Enthusiast Publications, Inc. d/b/a Practical Horseman is a

national media company with a principal place of business in New York. *Complaint at*

*¶3.* Primedia accepted service in New York on behalf of all the individual Defendants in

this case: Mandy Lorraine (the former[1] editor-in-chief of Practical Horseman), Susan

Simone (the former[2] editorial/production coordinator of Practical Horseman), Sandra

Cooke (the managing editor of Practical Horseman from Winterport, Maine) and Heidi

Scheing (the art director of Practical Horseman).

In or around June 2003, Lorraine asked Muster if Practical Horseman could

review proofs of Shachine Belle, a horseback rider that Muster had photographed.

---

[1] Since the filing of this lawsuit, Lorraine has ceased to be employed by Primedia. *Affidavit of Mandy Lorraine at ¶1* (attached to the individual Defendants' Motions to Dismiss).
[2] Since the filing of this lawsuit, Simone has ceased to be employed by Primedia. *Affidavit of Susan Simone Lorraine at ¶1* (attached to the individual Defendants' Motions to Dismiss).

*Complaint at* ¶14.[3]  At Lorraine's specific request, Muster e-mailed (7) proofs of Shachine Belle to Simone at Practical Horseman. *Complaint at* ¶15.  Each e-mailed image had the word "PROOF" prominently displayed across the front in order to prevent unauthorized use and to protect Plaintiffs' copyright and related ownership rights. *Complaint at* ¶16.  Primedia never purchased any of the e-mailed images and Muster never agreed that Practical Horseman or the individual Defendants could use any of the photographs. *Complaint at* ¶17, *Muster Aff.* at ¶8.

Although the parties had no agreement for Practical Horseman to use any of the e-mailed images,[4] one proof (an image of Shachine Belle seated on her horse) appeared in the September 2003 issue of Practical Horseman as part of an article authored by Lorraine and Cooke.  Apparently, Lorraine, Simone, Cooke and/or Scheing, *without Muster's knowledge, authorization or approval*, had airbrushed the word "PROOF" off of the photo, thereby distorting the fine quality of the image.[5]  *Complaint at* ¶18.

After publication, Scheing admitted that Practical Horseman had used Muster's photograph without Muster's permission or authorization, but "justified" the infringement by stating that the magazine had needed to meet a publication "deadline." *Complaint at* ¶22.  The individual Defendants all exerted a dominant influence over the magazine, had a direct role in the infringement and/or established the policies that caused injury to Plaintiffs in Massachusetts and, by virtue of their positions at Practical Horseman, caused

---

[3] Defendants seem to think that *where* the photographs of Shachine Belle were taken (at a horse show in Pennsylvania) is relevant to the issues presented by this case.  However, the photographs could have been taken at any location in the world and the locale would *still* have no bearing on the events which occurred subsequently--the alleged infringement.

[4] Defendants claim that Muster "had previously sold one of her photographs to Primedia for fifty dollars." This bare assertion, even if true (which Plaintiffs do *not* concede), is completely irrelevant and bears no relation to whether an infringement occurred in this case.

[5] Indeed, if the parties did have an agreement in place, then there would have been no reason for Practical Horseman to airbrush the word "PROOF" off of the image.  Instead, Muster would have sent Defendants a clean print with the word "PROOF" removed, as is her routine practice.

the publication, distribution, and sale of the issues containing the infringement in Massachusetts. *Complaint at* ¶¶4-8, 14-22, 33-36, 38-41.

Plaintiffs filed this suit against Defendants, in or around February 2004, seeking relief on their claims for copyright infringement in violation of the Copyright Act, 17 U.S.C. §106 and the Visual Artists Rights Act, 17 U.S.C. §106A.

## ARGUMENT

Defendants Lorraine, Simone, Cooke and Scheing's Motions to Dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) should be denied given that the jurisdictional connection and the nexus between the individual Defendants' personal involvement in the infringement and Massachusetts are evident from the face of the Complaint. When contesting a motion under Fed. R. Civ. P. 12(b)(2), a plaintiff must make only a "prima facie" showing of facts evidencing personal jurisdiction. *Ealing Corp. v. Harrod's Ltd.,* 790 F.2d 978, 979 (1st Cir. 1986). The court must take the plaintiff's facts "as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim." *Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n,* 142 F.3d 26, 34 (1st Cir. 1998).

In order to determine whether personal jurisdiction over non-resident defendants is proper, a court must examine: (1) whether the long-arm statute of the state in which the federal court is located allows jurisdiction,[6] and (2) if it does, whether the exercise of

---

[6] Massachusetts' long arm statute, G.L. ch. 223A, §3 provides, in pertinent part: "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

(a) transacting any business in this commonwealth;

(b) contracting to supply services or things in this commonwealth;

4

jurisdiction under this statute comports with due process. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., et al,* 290 F.3d 42, 52 (1ˢᵗ Cir. 2002) (articulating standards for examining propriety of court's exercise of personal jurisdiction over non-resident defendants). As a practical matter, the statutory analysis merges into the due process analysis where, as here, a state long-arm statute has been deemed to be "coextensive with the outer limits of due process." *Sawtelle v. Farrell,* 70 F.3d 1381, 1385-6 (1ˢᵗ Cir. 1995).[7]

The Fourteenth Amendment of the United States Constitution's Due Process Clause allows personal jurisdiction over a defendant in any state with which the defendant has "certain minimum contacts. . . such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). While it is true that a defendant-employee's contacts with a particular state need not be judged solely according to the sum total of his or her employer's activities there, the individual's status as an employee does not somehow "insulate" him or her from jurisdiction. *Calder v. Jones,* 465 U.S. 783, 790 (1984) (finding personal jurisdiction in California over Florida reporter and editor who wrote and edited allegedly libelous article to be proper as defendants were primary

---

(c) causing tortious injury by an act or omission in this commonwealth;

(d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or services rendered in this commonwealth."

[7] The Supreme Court of Massachusetts has held that Massachusetts' long-arm statute is "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States." *"Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp.,* 361 Mass. 441, 443 (1972).

participants in an alleged wrongdoing which they knew would cause injury to plaintiff, a resident of Florida).

*Calder v. Jones,* 65 U.S. 783,790 (1984) stands for the proposition that, in certain circumstances, a defendant should reasonably anticipate being "haled into court" in another state to answer for their wrongdoing. In *Calder,* the Court found that a reporter who wrote and researched an article in Florida, and an editor who "reviewed and approved . . . the subject of [an allegedly libelous] article and edited it in its final form" in Florida were subject to the jurisdiction of the California courts despite the fact that they had virtually no "contacts" with California. *Calder,* 465 U.S. at 786. In rejecting the defendants' claims that they were not subject to personal jurisdiction in California because they: (1) were not responsible for the circulation of the article in California, (2) had no direct stake in their employer's sales there, and (3) could not control their employer's marketing activity, the Court stated that the defendants nonetheless created an article that they "knew could have a potentially devastating impact" upon the plaintiff and thus defendants could reasonably anticipate being haled into court in California. *Calder,* 465 U.S. at 786.

The logic of *Calder* should be extended to the facts of this case. Here, Lorraine, Simone, Cooke, and Scheing have been sued for the personal involvement and contribution to the infringement which caused injury to Muster in Massachusetts. Lorraine, the editor-in-chief of Practical Horseman (at the time of the infringement), *personally* solicited the photograph from Muster which is the subject of the infringement and arranged for the infringement to appear in an article about Shachine Belle that she *personally* co-authored. *Complaint at ¶¶ 4, 18.* Cooke, Practical Horseman's managing

6

editor, co-authored the article in which the infringement appeared. *Complaint at* ¶18. Simone, Practical Horseman's editorial/production coordinator (at the time of the infringement), also solicited the photograph and personally assisted in the preparation and/or implementation of the infringement. *Complaint at* ¶15. Scheing, the art director of Practical Horseman, *admitted* her personal involvement in the infringement when she confessed that the magazine had a "publishing" deadline to meet. *Complaint at* ¶22.

The individual Defendants all had a direct role in the infringement and/or aided and abetted the infringement and, by virtue of their positions at Practical Horseman, caused the publication, distribution, and sale of the issues containing the infringement in Massachusetts. *Complaint at* ¶¶4-8, 14-22, 33-36, 38-41. The individual defendants, each of whom was personally involved in the infringement, must have known and/or should have anticipated that their intentional infringement would cause injury to Muster in Massachusetts, one of the states where Practical Horseman is distributed and sold and in which Muster spends a significant amount of time. *Complaint at* ¶¶8, *Muster Aff. at* ¶¶*3&9*. Accordingly, the facts clearly establish that: (1) this Court's exercise of personal jurisdiction over the individual Defendants is consistent with both G.L. ch. 223A,§3(a)-(d) and the due process clause, and (2) the Complaint more than sufficiently states a claim against the individual Defendants upon which relief can be granted.

Even if this Court were to decide that the individual defendants did not know and/or should not have anticipated that their intentional infringement would cause injury to Muster in Massachusetts, defendants must have known and/or should have anticipated that their intentional infringement would cause injury to Muster in Florida, where Muster resides and her company is located. Accordingly, if this Court decides that personal

7

jurisdiction in Massachusetts is not appropriate, then Plaintiffs respectfully request that this Court transfer this case, in the interests of justice and for the convenience of the parties and the witnesses (as fully explained in Plaintiffs' Opposition to Primedia's Motion to Dismiss and Transfer) in accordance with 28 U.S.C. §1404(a), to Florida.[8]

## CONCLUSION

Defendants' Lorraine, Simone, Cooke, and Scheing's Motions to Dismiss should be denied given that personal jurisdiction is proper and the Complaint more than sufficiently states a claim upon which relief can be granted. In the alternative, if this Court should decide that personal jurisdiction does not exist over the individual defendants in Massachusetts then, pursuant to 28 U.S.C. §1404(a), this case should be transferred to the United States District Court for the Southern District of Florida.

**PLAINTIFF MUSTPHOTO, INC. d/b/a**
**RANDI MUSTER PHOTOGRAPHY**
**AND RANDI MUSTER**
**BY THEIR ATTORNEYS,**

Michael B. Cosentino, BBO#558036
Don J.J. Cordell, BBO #566933
Lana Sullivan, BBO #649364
SEEGEL, LIPSHUTZ & WILCHINS, P.C.
Wellesley Office Park, Suite 200
60 William Street
Wellesley, Massachusetts 02481-3803
Tel: (781) 237-4400
Fax: (781) 235-2333

Dated: July 7 , 2004

---

[8] As Primedia has offered the infringing issues of Practical Horseman for sale in Florida, sold the infringing issues in Florida, and has otherwise conducted business in Florida (essentially the same grounds for this Court's exercise of personal jurisdiction over Primedia --which Primedia has not challenged) a court in Florida would also have personal jurisdiction over Primedia. *Compare* Fla. Stat. §48.193 with G.L. ch. 223A, §3.

## CERTIFICATE OF SERVICE

I, Lana Sullivan, hereby certify that a true and accurate copy of Defendants

Mandy Lorraine, Susan Simone, Sandra Cooke, and Heidi Scheing's Motions to Dismiss

has been served via first-class mail this 2 day of July, 2004 to the following counsel of

record:

Michael Kendall, Esq.
McDermott, Will & Emery
28 State Street
Boston, Massachusetts 02109

Lana Sullivan